UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-01295 DMG (DTBx)** | Date | September 19, 2011 |
|---|---|---|---|

| Title | *Jose Aquino, et al. v. Victor Page, et al.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION**

On August 15, 2011, Defendants Victor Page, Laverta Page, Vincent Page, and Kevin Page ("the Pages") removed this action from Riverside County Superior Court on the basis of federal question jurisdiction.[1] *See* 28 U.S.C. §§ 1331, 1441. Although all of Plaintiffs' causes of action arise under state law, the Pages assert that the complaint raises a substantial federal question because it concerns an agreement to sell a Federal Communications Commission ("FCC") television broadcast license. (Notice of Removal [Doc. # 1] ¶¶ 6-9.)

In general, a contractual dispute does not raise a substantial federal question merely because the contract involves property subject to federal regulation. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 488 (S.D.N.Y. 2008) ("Plaintiff's invocation of the requirement of FCC approval does not, standing alone, convert its breach of contract claim into one that 'arises under' the Communications Act."); *cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("[I]t is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." (citing *Vestron, Inc. v. Home Box Office Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988))).

Therefore, the Pages are **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of subject matter jurisdiction. The Pages shall file their response by **September 29, 2011**.

**IT IS SO ORDERED.**

---

[1] The Pages do not indicate whether the remaining defendants—KZSW Television, Inc., Michael Streby, David Goran, and Nadir Zulfqar—have been served and, if so, whether they join in the removal.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|