UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-01295 DMG (DTBx)** | Date | September 29, 2011 |
|---|---|---|---|
| Title | *Jose Aquino, et al. v. Victor Page, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

On September 19, 2011, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction [Doc. # 11]. On the same day, Defendants Victor Page, LaVerta Page, Vincent Page, and Kevin Page (the "Pages") filed their response [Doc. # 12].

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The Pages removed this action on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. All of Plaintiffs' causes of action, however, arise under state law. The Pages nonetheless assert that the complaint raises a substantial federal question because it concerns an agreement to sell a Federal Communications Commission ("FCC") television broadcast license. (Notice of Removal [Doc. #1] ¶¶ 6-9.)

According to the complaint, Defendant Kevin Page represented to Plaintiff Jose Aquino that Defendant KZSW Television, Inc. possessed a valuable FCC license. (Compl. ¶ 23.) Approximately two years later, the Pages and KZSW allegedly entered into a stock purchase agreement with Aquino and Plaintiff NewsNet, LLC for the sale of the FCC license, facilitated by a $615,000 promissory note. (*Id.* ¶¶ 24-25.) Plaintiffs claim that they paid more than $450,000 but that the Page Defendants failed to transfer control of the FCC license in violation of the stock purchase agreement. (*Id.* ¶¶ 31, 33.) Plaintiffs raise claims for breach of oral and written contract, intentional misrepresentation, unjust enrichment, money had and received,

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 11-01295 DMG (DTBx)** | Date | September 29, 2011 |
| Title | *Jose Aquino, et al. v. Victor Page, et al.* | Page | 2 of 2 |

unfair business practices, Cal. Bus. & Prof. Code § 17200, conspiracy to commit fraud, and specific performance.

Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)) (internal quotation marks omitted).

In their response to the OSC, the Pages assert that a federal question exists because the transferability of a FCC television broadcast license is within the FCC's exclusive domain under the Communications Act of 1934, 47 U.S.C. § 151 *et seq*. (Resp. at 7.) In particular, the Act states that "[n]o . . . station license, or any rights thereunder, shall be transferred, assigned, or disposed of in any manner, voluntarily or involuntarily, directly or indirectly, or by transfer of control of any corporation holding such permit or license, to any person except upon application to the Commission and upon finding by the Commission that the public interest, convenience, and necessity will be served thereby. 47 U.S.C. § 310(d).

While true, the Pages' contention is beside the point. None of Plaintiffs' causes of action depends on the resolution of a substantial question involving the Communications Act. Plaintiffs do not challenge the FCC's failure to approve a change in station ownership. Rather, they allege that Defendants failed "to initiate the necessary filings with the FCC for notification and approval of this transaction." (Compl. ¶ 36.) Thus, the complaint raises no federal question. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 488 (S.D.N.Y. 2008) ("Plaintiff's invocation of the requirement of FCC approval does not, standing alone, convert its breach of contract claim into one that 'arises under' the Communications Act."); *cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("[I]t is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." (citing *Vestron, Inc. v. Home Box Office Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988))).

As this litigation involves no federal question, the Court lacks subject matter jurisdiction. Therefore, this action is hereby **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |